Cowin, J.
This is a subrogation action to recover for damage to the plaintiffs’ property resulting from the defendant’s negligent conduct. The defendant now brings a motion to dismiss.[1] The basis for the motion is that claim preclusion bars the plaintiffs and their insurer from asserting this claim in the Superior Court since a small claims action relating to the same event has been heard and decided. The small claims action was brought by the Dions against the defendant. The plaintiffs claim that the rule preventing the splitting of a cause of action into separate suits does not apply in the instant case.
The plaintiffs claim that their home and personal property were damaged in the amount of $36,193.55 on August 24, 1991 as a result of the defendant’s negligence. The plaintiffs recovered most of their damages from this incident from an insurance policy with Metropolitan Property and Casualty Insurance Company (“Metropolitan”). The plaintiffs then filed a civil suit against the defendant Karen Serra through her next friend and father Paul Serra in Wrentham District Court on December 4, 1992. The complaint was actually filed by Metropolitan as subrogee of the plaintiffs. The Dions are thus nominal plaintiffs and the insurer is allowed to bring a claim in their name pursuant to Mass.R.Civ.P. 17(a). The Wrentham District Court case was removed to the Norfolk County Superior Court on January 19, 1993.
The Metropolitan policy contained a $250.00 deductible. In addition, the Dions did not receive payment from Metropolitan for the loss of their tropical fish. Thus, while the Superior Court case brought by the insurer was pending, the Dions brought a small claims action in the Wrentham District Court against Paul and Karen Serra[2] in the amount of $422.58, representing the $250.00 deductible they paid to the insurer, $158.58 for the loss of their tropical fish, and $14.00 for costs. The defendants filed a motion to dismiss under Mass.R.Civ.P. 12(b)(6) and 12(b)(9). Under Rule 12(b)(6), the defendants argued that the complaint was defective as to Paul Serra because “[n]one of the facts . . . add up to a cause of action against Paul Serra.” In addition, pursuant to Rule 12(b)(9), the defendants asserted that the small claims action should be dismissed because of the pendency of the prior related action in the Superior Court.[3]
The small claims court judge denied the defendants’ motion on May 18, 1994 and heard the case on that day.[4] The judge found for the Dions and awarded them the full amount sought of $422.58. The defendant now claims that the pending Superior Court civil action brought by Metropolitan, in the name of the Dions, should be dismissed under the doctrine of res judicata or claim preclusion.
“The general rule is that a single negligent act causing damage to an individual ‘can be the basis of only one cause of action on his [or her] behalf which cannot be divided or split into . . . separate suits, so that recovery for part of the loss will bar a subsequent suit to recover for other elements of damage.’ ” Liberty Mutual Ins. Co. v. National Consolidated Warehouses, Inc., 34 Mass.App.Ct. 293, 297 (1993) (citations omitted). The claim maybe split, however, if the defendant “acquiesces.” Restatement (Second) of Judgments §26(1) (a) (1982). Settlement with the insured, express reservations of rights, releases and failure to object have been grounds for allowing the splitting of claims *110 when the defendant has knowledge of the rights of the insurer.
There has been no such acquiescence in this case. The defendant in the instant case knew that Metropolitan was the real party in interest and objected (by the motion to dismiss in small claims court) to the splitting of the claim by the Dions and Metropolitan. As a result, the defendant cannot be said to have acquiesced to a splitting of the claim.
Nevertheless, the rule preventing splitting of an action does not apply here. The small claims court judge overruled the defendants’ objection. The effect of the judge’s action is to prevent any merger or bar as to the claims retained by the insurance company. See Restatement (Second) of Judgments §37, Comment d (1982) (“. . . [I]f the objection as to ‘splitting’ is overruled, the scope of the action is thereby limited to those claims asserted by the transferee and does not result in merger or bar as to the claims retained by the transferor”). The scope of the action in the small claims court was limited to those claims asserted by the Dions in the small claims action. Thus, the insurance company retains the right to sue for the remainder (here the bulk) of the damage allegedly caused by the defendant.
The result reached by this Court is consistent with fairness which is an element to be taken into consideration in these circumstances. The interests to be vindicated here are those of judicial economy and the avoidance of harassment of the defendant. Both of these interests are served by preventing multiple actions based on the same claim. These interests, however, should not result in the insurer who has a claim for over $36,000, being prejudiced by a small claims action brought by the insured to recover $422.58. This element of reasonableness is recognized by the Restatement (Second) of Judgments §26(l)(d) (1982).
It is true that the insurance company apparently had notice of the small claims action and did not seek to intervene. This failure has been rendered irrelevant, however, by the action of the small claims judge. The defendant accomplished all that Metropolitan could have done in small claims court even if the company had appeared there. The defendant sought to dismiss the action because the claim could not be split. He failed in this attempt. To demand the nicety of the insurance company appearing in the small claims court when it could have done no more than obtain the right to split the claim would be meaningless.
For the foregoing reasons, the defendant’s motion to dismiss, treated as one for summary judgment, is DENIED.

Materials have been provided to the Court in addition to the pleadings and the parties have argued on the basis of these materials. Neither party objects to the Court treating the motion as one for summary judgment.

The defendant in the Superior Court case is also Karen Serra, through her father and next friend Paul Serra.

At that time, the Superior Court action was scheduled for trial in July 1994.

The plaintiffs’ attorney (i.e., Metropolitan’s attorney) did not appear at the hearing. Plaintiffs’ attorney admits receipt of the motion, but claims that it did not contain the small claims docket number or the scheduled date of the small claims trial. Metropolitan did know, however, that the motion was scheduled for hearing on May 18, 1994. Furthermore, the copy of the motion to dismiss filed with this Court contains a small claims docket number.